IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES LAMONT HAIRSTON,

      Plaintiff,

      v.

UNITED STATES OF AMERICA,

      Defendant.

14cv1546
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RE: PETITIONER'S MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255,
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241,
AND PETITION FOR WRIT OF AUDITA QUERELA**

**I    INTRODUCTION**

Plaintiff James Lamont Hairston ("Hairston") has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 or a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Petition for Writ of Audita Querela under the All Writs Act, 28 U.S.C. § 1651 requesting that this Court vacate and correct the sentence imposed at Criminal No. 03-00132. In support, Hairston argues he may no longer be considered a career offender subject to a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), as his convictions for burglary under Pennsylvania law do not meet the requirements for convictions of a "violent felony" following the Supreme Court of the United States' decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013). *See* Doc. No. 1-1.

After careful consideration of Hairston's Motion and Petition (doc. no. 1-1), the Government's Response (doc. no. 11), the argument contained in Hairston's Motion to

Supplement (doc. no. 15), and the entire record in Hairston's underlying criminal case (03-cr-00132), the Court will dismiss the Motion to Vacate under 28 U.S.C. § 2255 as statutorily barred, will dismiss the petition for a writ of habeas corpus for lack of jurisdiction, and will also deny the petition for a writ of audita querela as Hairston has failed to show that he is entitled to relief that is otherwise unavailable to him.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Original Sentencing and Resentencing

Hairston was indicted by a federal grand jury on April 16, 2003 in a four-count Indictment. *United States v. Hairston*, 03-cr-00132, Doc. No. 11 (W.D. Pa. 2003). On November 18, 2003, before this Court, Hairston pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts Three and Four), and one count of armed bank robbery in violation of 18 U.S.C. § 2113(d) (Count Two). 03-cr-00132, Doc. No. 30. In his plea, he also accepted responsibility for Count One of the Indictment. *Id.*

Hairston was sentenced by this Court on February 23, 2004 to 188 months of imprisonment on each count, to run concurrently, and five years of supervised release. 03-cr-00132, Doc. No. 39. This Court imposed a sentence at the minimum of the then-mandatory United States Sentencing Guidelines range of 188 to 235 months, and, *inter alia*, took into account Hairston's status as a career offender as defined by the Armed Career Criminal Act, based on prior convictions for battery on a police officer/resisting arrest in violation of Florida law and burglary in violation of Pennsylvania law. *See* 03-cr-00132, Doc. No. 63 and 18 U.S.C. § 924(e)(2)(B).

Hairston filed an appeal to the United States Court of Appeals for the Third Circuit. *United States v. Hairston*, 04-1612 (3d. Cir. 2004); 03-cr-00132, Doc. No. 40. During the

pendency of that appeal and following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) - - which rendered the sentencing guidelines advisory instead of mandatory - - the Government and Hairston consented to a summary remand to this Court for resentencing. 03-cr-00132, Doc. No. 53.

After briefing by the parties and a resentencing hearing, this Court amended its judgment and commitment order and reduced Hairston's sentence to 180 months of imprisonment on each count, to run concurrently, and five years of supervised release. 03-cr-00132, Doc. No. 59. This sentence was below the guidelines range of 188 to 235 months. *Id.*

Hairston appealed this reduced sentence, arguing that the Court failed to sufficiently consider his mental health problems and that his classification as a career offender overstated the seriousness of his criminal history. *United States. v. Hairston*, 220 Fed. App'x 147, 148 (3d Cir. 2007). The Court of Appeals, affirming the sentence, held that this Court had given "meaningful consideration to all of the § 3553(a) factors and applied them reasonably to the facts of Hairston's case. . . ." *Id.*

**B. Hairston's First § 2255 Motion**

In 2008, Hairston filed his first Motion to Vacate his sentence under 28 U.S.C. § 2255. 03-cr-0132, Doc. No. 64. Hairston argued that his attorney in the Pennsylvania burglary case had a conflict of interest and, therefore, that conviction should not be considered in the career criminal analysis, and also requested that the Court direct that his federal sentence run concurrent to a subsequently imposed state parole violation sentence. 03-cr-0132, Doc. No. 65.

This Court denied the motion and declined to issue a certificate of appealability under 28 U.S.C. § 2253(c). 03-cr-0132, Doc. No. 72. Hairston's challenge to his state court conviction on the grounds of his counsel's conflict of interest had been raised and denied in the state court

and that holding was presumed valid by this Court. *Id*. This Court lacked jurisdiction to grant the other relief requested in the motion to direct that Hairston's federal sentence run concurrent to a subsequently imposed state parole violation sentence, and even if it had jurisdiction, the Court would not have done so in light of Hairston's criminal history. *Id*. The Court of Appeals also denied Hairston's request for a certificate of appealability. C.A. No. 08-3882 (3d. Cir. 2009).

**C. Hairston's Application for Leave to File a Successive Motion Under § 2255**

On June 23, 2014, Hairston filed an application with the Court of Appeals for leave to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244 - - raising the same arguments under *Descamps v. United States*, 133 S.Ct. 2276 (2013), that he raises here. *In re: Hairston*, CA No. 14-3064 (3d. Cir 2014). The Court of Appeals for the Third Circuit denied Hairston leave to file a successive § 2255 motion holding that Hairston had not made a *prima facie* showing that his motion relied on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable," because "*Descamps* did not establish a new rule of constitutional law." *Id.*

**D. Hairston's Instant Motion**

Hairston's instant Motion requests that the Court vacate and correct his sentence under 28 U.S.C. § 2255 or, in the alternative, to issue a writ for habeas corpus under 28 U.S.C. § 2241 or a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651 for the same relief. Doc. No. 1-1. Relying on *Descamps*, Hairston argues that his convictions for burglary under Pennsylvania law do not qualify as "crimes of violence" and that, accordingly, he does not otherwise have two convictions under the Armed Career Criminal Act to qualify as a career offender.[1] *Id.* Hairston

---

[1] Although the Court does not reach the merits of Hairston's Motion due to procedural bars and lack of jurisdiction, his argument that the Pennsylvania burglary statute, 18 Pa. Cons. Stat. § 3502(a) is indivisible as defined by

concedes that his sentence of 180 months of imprisonment would fall within the guidelines range even if he were not deemed a career offender. *Id.* at p. 2 ("Absent a career offender finding, Mr. Hairston's Sentencing Guidelines range would be 151 to 188 months of imprisonment (corresponding to offense level 29, and criminal history category VI).")

### III. DISCUSSION

#### A. The Court Must Dismiss the § 2255 Motion as an Unauthorized Successive Motion

Before a district court may consider a second or successive motion by a petitioner under 28 U.S.C. § 2255 to vacate or correct a criminal sentence, it must receive authorization by order of the appropriate court of appeals. 28 U.S.C. § 2244(3)(A). Here, Hairston applied to the Court of Appeals for the Third Circuit for leave to file a second § 2255 motion and was denied. CA No. 14-3064. That denial is final and may not be appealed. 28 U.S.C. § 2244(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.") Accordingly, this Court is barred from considering Hairston's § 2255 motion and it will be dismissed.

#### B. The Court Lacks Jurisdiction to Consider Hairston's Petition for Writ of Habeas Corpus

Under 28 U.S.C. § 2241, petitions for habeas corpus must be filed in a prisoner's district of confinement - - here Hairston is incarcerated at the United States Penitentiary, Florence within the District of Colorado. 28 U.S.C. § 2241(a); *see also United States v. Hawkins*, 614 Fed.

---

*Descamps* and therefore cannot qualify as a predicate crime of violence under the Armed Career Criminal Act has been considered and rejected by the United States Court of Appeals for the Sixth Circuit. *United States v. Hockenberry*, 730 F.3d 645, 669 (6th Cir. 2013) ("The statute mirrors the Supreme Court's example of a divisible statute because it lists alternative elements in the statutory text, criminalizing entering a "building *or* occupied structure" with the relevant criminal intent. Accordingly, we conclude that the Pennsylvania statute is divisible as the *Descamps* Court uses that term.").

App'x 580, 582-83 (3d Cir. 2015). In *Hawkins*, the Court of Appeals suggested that a district court consider whether transferring a prisoner's § 2241 petition to the proper forum would be "in the interest of justice." *Id.* at 582.

The Court does not find that the interest of justice would be served by transferring Hairston's § 2241 Petition to the District of Colorado. The arguments raised here have been considered by the Court of Appeals in Hairston's application for leave to file a successive motion and, as the Court of Appeals remarked in *Hawkins*, there is no reason to transfer a collateral attack of a criminal sentence that was properly considered under 28 U.S.C. § 2255 because "no circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of actual innocence to utilize § 2241 . . . as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions." *Hawkins*, 614 Fed. App'x at 583 (citing *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)(internal alterations omitted).

Hairston's Petition for Writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

### C. A Writ of Audita Querela is Not Available to Hairston

The common law writ of audita querela, which permits a petitioner to obtain relief against a judgment or execution because of a subsequent defense, has been abolished in civil cases but remains available in criminal cases "to the extent that it fills in gaps in the current system of post-conviction relief." *Massey v. United States*, 581 F.3d 172 (3d Cir. 2009); *see also United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007)(writ of audita querela is probably available where there is a legal objection to a conviction that has arisen after the conviction and that cannot be raised pursuant to another post-conviction remedy.).

Again, because Hairston availed himself of the appropriate post-conviction procedure to seek correction of his sentence by seeking leave to file a successive § 2255 motion from the Court of Appeals, it cannot be said that his arguments fall into a gap in the current system of post-conviction relief. As the Court of Appeals held in *Massey*, a § 2255 motion is the means to challenge a federal sentence and Hairston may not seek relief through a petition for a writ of audita querela due to his inability to satisfy the requirements of § 2244 regarding the filing of a successive motion. 581 F.3d at 174. Accordingly, Hairston's Petition for Writ of Audita Querela is denied.

### D. *Johnson* is Inapplicable

Lastly, on August 3, 2015, Hairston filed a Motion to Supplement his petition citing the June 26, 2015 Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The *Johnson* decision held that increased sentences under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), violate the Constitution's due process clause. This Court carefully considered Hairston's Motion to Supplement and the *Johnson* decision to determine whether Hairston was entitled to have counsel appointed under this District's standing order *In re: Petitions for Retroactive Application of Johnson v. United States, 135 S.Ct. 2551 (2015)*, 15-mc-00593 (W.D. Pa. August 5, 2015). In *Johnson*, the Supreme Court stated:

> The Act defines "violent felony" as follows:
>
> "any crime punishable by imprisonment for a term exceeding one year . . . that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

135 S.Ct. at 2555-56. Hairston's status as a career offender results from the predicate offenses of battery on a police officer/resisting arrest in violation of Florida law, which falls under § 924(e)(2)(B)(i), and burglary under Pennsylvania law, which is an enumerated offense in § 924(e)(2)(B)(ii). Hairston's arguments - - and his status as a career offender - - relate only to the enumerated offenses of the Act which were specifically excluded from the Supreme Court's holding in *Johnson*. 135 S.Ct. at 2563. ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

IV. CONCLUSION

For the reasons stated herein, Hairston's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C § 2255 is DISMISSED with prejudice, his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DISMISSED with prejudice, and his Petition for Writ of Audita Querela is DENIED.

    So Ordered,

    s/Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge